UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHYLLIDA O'BRIEN

v.   CIV. NO. 3:04CV1150 (WWE)

ROGOVIN MOVING & STORAGE CO.
INC.

## RULING ON APPLICATION FOR ATTORNEYS' FEES AND COSTS

This action arises from defendant's wrongful detention of plaintiff's property. On September 30, 2008, the Court entered Judgment in favor of the plaintiff, awarding her, among other things, $98,306.93 in compensatory damages and prejudgment interest in the amount of $38,607.32. [Doc. #157]. Handling charges were awarded to the defendant and credited against plaintiff's damages in the amount of $1,524.97. Id. Calculation of Judgment was entered on November 6, 2008, in the amount of $135,389.28. [Doc. #176].

In addition to an award of compensatory damages and prejudgment interest, the Court also awarded plaintiff exemplary/punitive damages in the form of attorneys' fees and costs and post-judgment interest. [Doc. #157]. Specifically plaintiff seeks an award of punitive/exemplary damages in the form of attorneys' fees in the amount of $222,255.24, and non-taxable costs in the amount of $5,272.97, for a total of $227,528.21.

1

Also pending is plaintiff's Notice of Filing of Offer of Compromise[1] seeking additional interest under D. Conn. L. Civ. R. 68 and Conn. Gen. Stat. §52-192a, [doc. #163], a Motion for Award of Expenses Incurred in Proving Certain Matters[2] pursuant to Fed. R. Civ. P. 36 and 37(c)(2), [doc. #165], and a Bill of Costs seeking reimbursement of taxable costs pursuant to D. Conn. L. Civ. R. 54 in the amount of $5,948.03, [doc. #170].

Attorneys' Fees and Costs

1. Reasonable Hourly Rate

The Supreme Court has stated that "[i]t is central to the awarding of attorney's fees . . . that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case." Blanchard v.

---

[1] In plaintiff's Notice of Filing of Offer of Compromise, she seeks an award of eight percent (8%) interest on all forms of recovery, running from the commencement of this action pursuant to Conn. Gen. Stat. §52-192a. This action was commenced on July 13, 2004.

[2] In the Motion for Award of Expenses Incurred in Proving Certain Matters, plaintiff moves for "the reasonable expenses incurred in making th[e] proof" of the "truth of [certain] matter[s]," Fed. R. Civ. P. 37(c)(2), denied by the defendant in certain Requests for Admission. Plaintiff asserts that she had proven the "truth of the matters" denied in twenty-three (23) requests for admission. Plaintiff noted that the Court made 217 findings of fact in the Bench Ruling and this motion seeks recovery of costs related to 23 Requests for Admission. "While not exact (indeed, the aforementioned requests for admission related to more than 23 of the findings of fact), for purposes of convenience, plaintiff would suggest an additional award of 10.6% of any attorneys' fees awarded by the Court as reasonably and rationally related to the costs associated with having had to prove the matters addressed in the aforementioned Requests for Admission." [Doc. #165 at 2].

Bergeron, 489 U.S. 87, 96 (1989). In making that assessment, courts in the Second Circuit apply the "presumptively reasonable fee" method (formerly the "lodestar" method), multiplying the number of hours reasonably expended on the case by a reasonable hourly rate. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 484 F.3d 162, 163 (2d Cir.2007), amended by 493 F.3d 110 (2d Cir.2007).

As the Second Circuit has made clear, the calculation of a reasonable hourly rate requires the Court to consider a variety of factors, including the twelve enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). See Arbor Hill, 484 F.3d at 166 n. 1, 169."[3] The reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill, 484 F.3d at 169.

Defendant does not challenge the hourly rates charged by any particular attorney.[4] Having considered the education, experience and expertise of the attorneys, Court finds the following rates

---

[3] These factors include (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the scope of the misconduct and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

[4] Defendant "concede[s] that the plaintiff received quality representation at every step of the way, and does not challenge the hourly rates sought for any particular attorney." [Doc. #162 at 3].

are reasonable based on the hourly rates charged to plaintiff and the Court's years of practice and knowledge of rates charged generally within the District Court.

|  | Rate |
|---|---|
| Thomas A. Rouse, Partner | $335 |
| Peter S. Olson, Associate | $245 |
| Gerald C. Pia, Jr., Associate | |
| -2004 | $225 |
| -2005 | $240 |
| -2006 (January-September) | $255 |
| -2006 (December)-2007 | $265 |
| James T. Shearin, Partner | $360 |
| Patricia LeBellasse, Paralegal | $130 |
| Mr. Palacio, Summer Associate | $100 |
| Aimee J. Wood, Associate | $245 |
| Elisa Paliani, Parlegal | $155 |
| Brian Roche, Partner[5] | |
| -July-November 2006 | $280 |
| -December 2006 | $265 |
| Rebecca Malanga, Paralegal | $ 75 |
| Lisa Ryder, Paralegal | $ 75 |

---

[5] After founding Roche Pia LLC, in December 2006, Attorneys Roche and Pia billed plaintiff a consistent rate of $265/hour, instead of billing Attorney Roche's time at $280/ hour and Attorney Pia at $255/hour as was done when they performed services at Pullman & Comley, LLC.

2. <u>Time Charged</u>

The second component in the fee award analysis involves assessing the reasonableness of the time expended and adjusting those parts of an invoice that reflect "excessive, redundant or otherwise unnecessary" hours. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983). Courts are "presumed to be knowledgeable as to the reasonable time and the number of attorneys required to perform services competently and effectively . . . ." <u>Blank v. Talley Indus., Inc.</u>, 390 F. Supp. 1, 4 (S.D.N.Y. 1975).

Defendant argues that the "complexity of the issues and the recovery obtained weigh in favor of a lesser amount of fees claims" contending that the "issues for trial were not particularly complex." [Doc. #162 at 3]. Defendant contends that 190 hours billed at a rate of $265 for a two day trial was excessive and unreasonable. <u>Id.</u> However, plaintiff correctly states that "[d]efendant did not object to the admission of the billing invoices as evidence, offered no evidence at all regarding plaintiff's claim for attorneys' fees and costs, and has not challenged the reasonableness of the fees incurred . . . ." [Doc. #160 ¶16]

Taking into account all of the issues detailed above, this Court will reduce the total attorneys' fees and costs by $4,631.70. Attorney Eppinger, who was responsible for all professional fees incurred between March 15 and June 8, 2004, did not include his hourly rate or break down the time spent on each task on his invoices. [Pl. Ex. 19 at 1-4]. Moreover, plaintiff is

5

missing the first invoice dated April 8, 2004, which had a balance of $1,532.80. His fees totaled $4,615.30 and the nontaxable costs from that time period (all faxes) totaled $15.40. "If the documentation is inadequate, the court may reduce the award accordingly." Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F. Supp. 2d 274, 279 (E.D.N.Y. 2008) (citations omitted).

Having reviewed the materials submitted and having an appreciation for the issues involved in this litigation, the Court concludes that the number of hours billed by the various attorneys and paralegals is reasonable.[6] The Court declines to reduce the fees for lack of success on all the claims, finding that the CUTPA claim was interrelated and required the same proof. See Murphy v. Lynn, 118 F.3d 938, 952 (2d Cir. 1997) ("plaintiff's lack of success on some of his claims does not require the court to reduce the lodestar where the successful and unsuccessful claims were interrelated and required essentially the same proof."). Nor will the Court increase the fees because plaintiff had to prove certain facts not admitted by defendants.

This Court awards attorneys' fees in the amount of $217,639.94, a reasonable sum given the skill and experience required, the work performed and the results achieved.

---

[6]Plaintiff submitted a Declaration in Support of the Application for Attorneys' Fees, [doc. #160], along with contemporaneously created time records specifying the attorney, the date, the hour(s) expended with a description of the nature of the work done. [Pl. Ex. 19, Doc. #151, #160-2].

3.  Nontaxable Costs

Plaintiff seeks $5,272.97 in nontaxable costs. See Doc. #160-3. "[C]ommon law punitive damages in Connecticut are 'limited to the plaintiff's attorney's fees and nontaxable costs, and thus serve a function that is both compensatory and punitive.'" Emerald Invs., LLC v. Porter Bridge Loan Co., No. 3:05CV1598 (JCH) 2007 WL 1834507, *9 (D. Conn. June 25, 2007), (quoting, Bodner v. United Services Auto. Ass'n, 222 Conn. 480, 492 (1992)).

The Court awards nontaxable costs to plaintiff in the amount of $5,257.57.[7]

CONCLUSION

Plaintiff's Application **[doc. #159]** is **GRANTED** in the amount of $217,639.94 for attorneys' fees and $5,257.57 for nontaxable costs totaling **$222,897.51.**

Plaintiff's Notice of Filing of Offer of Compromise seeking additional interest under D. Conn. L. Civ. R. 68 and Conn. Gen. Stat. §52-192a, **[doc. #163],** is **DENIED.** The Court has already awarded plaintiff both prejudgment and post-judgment interest.

Plaintiff's Motion for Award of Expenses Incurred in Proving Certain Matters pursuant to Fed. R. Civ. P. 36 and 37(c)(2), **[doc. #165]** is **DENIED.**

---

[7]The Court declines to awards costs attributed to Attorney Eppinger in the amount of $15.40.

Plaintiff's Bill of Costs seeking $5,948.03, **[doc. #170]** is **GRANTED**.

Plaintiff's oral Motion for Pre-judgment Remedy **[doc. #168]** is **DENIED** as moot.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #142] on November 30, 2007, with appeal to the Court of Appeals.

ENTERED at Bridgeport this 14th day of November 2008.

```
____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```